IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

BRANDI MUNCRIEF,                      )
an individual,                        )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )          Case No. CIV-04-959-L
                                      )
SHERIFF OF GRADY COUNTY               )
KIERAN MCMULLEN, in his official      )
and individual capacity,              )
BOARD OF COUNTY                       )
COMMISSIONERS OF GRADY                )
COUNTY, a municipal corporation,      )
LT. BILL DAUGHERTY, in his            )
official and individual capacity, and )
GRADY COUNTY CRIMINAL JUSTICE         )
AUTHORITY,                            )
                                      )
                    Defendants.       )

# O R D E R

    Plaintiff Brandi Muncrief , a former detention officer at the jail in Grady

County, Oklahoma, brings this action alleging gender discrimination in violation of

federal law in connection with her employment.  Plaintiff also has a claim for

intentional infliction of emotional distress under state law.  This matter is before

the court on four Motions for Summary Judgment filed by the defendants.[1]

_____

    [1]    On September 16, 2005, a Joint Stipulation of Dismissal [Doc. No. 78] was filed in this
case, which states: "The Plaintiff Brandi Muncrief, and Defendant, Grady County Industrial Authority,
jointly stipulate that the above-referenced case be dismissed without prejudice, as to Defendant Grady
County Industrial Authority only, pursuant to Fed. R Civ. P. 41(a)(1) to the refiling thereof."  In light of this
dismissal, the court's order on summary judgment does not address this defendant further.  The court's

Plaintiff has responded to the dispositive motions and each defendant was allowed to file a reply brief.  The court has carefully reviewed the briefs and exhibits submitted by the parties.   The court notes that plaintiff has conceded many issues and has agreed that summary judgment may be entered in favor of defendants on several issues.  Based upon its review of the remaining issues, the court determines that defendants are entitled to summary judgment as a matter of law on plaintiff's claims.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."  Fed. R. Civ. P. 56(c); *accord* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509, 91 L. Ed. 2d 202 (1986).  The moving party bears the initial burden of showing that there is an absence of any issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Bacchus

---

final judgment will reflect this dismissal.

Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  To sustain

this burden, the non-moving party cannot rest on the mere allegations in the

pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553;

Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.

1990). The non-moving party must point to specific facts, "by any of the kinds of

evidentiary materials listed in Rule 56(c), except the pleadings themselves," to

avoid summary judgment.  Celotex, 477 U.S. at 324.  Such evidence includes

reference to affidavits, deposition transcripts, or specific exhibits.  Thomas v.

Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*,

506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992).  The burden is not an

onerous one for the nonmoving party in each case, but does not at any point shift

from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d

664, 672 (10th Cir. 1998).  Although the district court has the discretion to go

beyond the referenced portions of the supporting material, it is not required to do

so.  Id.

        In a response to a motion for summary judgment, a party cannot rest on

ignorance of facts, on speculation, or on suspicion and may not escape summary

judgment in the mere hope that something will turn up at trial.  Bryant v.

O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988).  The mere possibility that a

factual dispute may exist, without more, is not sufficient to overcome a convincing

presentation by the moving party.  Allegations alone will not defeat summary

judgment.  Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).

Although controverted facts have been properly construed by the court in the light most favorable to plaintiff, the court notes that plaintiff's response briefs, particularly plaintiff's response to the summary judgment motion of the Grady County Criminal Justice Authority, contain several factual averments which are not supported by any citations to the record.  These unsupported factual statements have not been considered.  Of perhaps more concern to the court, however, is plaintiff's reliance on her Affidavit in attempting to dispute the defendants' statements of undisputed facts.  The court shares the defendants' expressed concerns with and objections to plaintiff's Affidavit, which was clearly prepared at the summary judgment stage.  Because plaintiff often refers to her Affidavit in responding to the defendants' motions for summary judgment in an apparent attempt to strengthen her opposition to the defendants' facts, the court has carefully considered whether, and to what extent, plaintiff's Affidavit should be disregarded.  The court notes that plaintiff's Affidavit  is dated September 12, 2005, more than six months after plaintiff's March  4, 2005 deposition in this matter.  Plaintiff's Affidavit contradicts or alters plaintiff's testimony in several respects, typically expanding or adding detail to certain facts vaguely referred to, if at all, in plaintiff's deposition.

The court has the discretion to disregard an affidavit which conflicts with the affiant's prior deposition testimony. Barber v. Hallmark Cards, 74 F.3d 1248, 1249 (10th Cir. 1996). To determine whether a contradicting affidavit seeks to create a sham fact issue, the court looks at three factors. These factors are whether: (1) the affiant was cross-examined during her earlier testimony; (2) the affiant had access to the pertinent evidence at the time of her earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain. Rios v. Bigler, 67 F.3d 1543, 1551 (10th Cir. 1995).

From the excerpts of plaintiff's deposition provided, it is clear that plaintiff's attorney was present at the deposition, thus any cross-examination or clarification could have occurred at the time of the deposition. It appears to the court that the "facts" referred to in plaintiff's Affidavit would have been known to her at the time of her deposition – significantly there is no allegation that her later Affidavit was based on newly discovered evidence. Further, there is no allegation that the Affidavit is an effort to clarify any confusion at the time plaintiff testified at her deposition. Upon careful consideration, the court finds that with respect to several significant facts, plaintiff's Affidavit is a "sham affidavit," crafted merely to avoid summary judgment. Therefore, where appropriate, the court has disregarded plaintiff's Affidavit when it contradicts or improperly expands on her earlier sworn testimony, without any reference to supporting evidence in the

record.  In addition, the court finds that plaintiff's Affidavit consists of several

conclusions which are otherwise not supported by any evidence of record.  Of

course, a conclusory and self-serving affidavit is not sufficient to avoid summary

judgment.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Furthermore,

affidavits based purely upon the beliefs of an affiant are not sufficient to create a

factual dispute under Fed. R. Civ. P. 56(e).  Tavery v. U.S., 32 F.3d 1423, 1426

n. 4 (10th Cir. 1994).   Plaintiff's Affidavit fails to state that it is based on plaintiff's

personal knowledge as required by Rule 56(e).  Although the court may infer

personal knowledge from some of the statements contained in the Affidavit,

plaintiff's personal knowledge is not established as to all the statements

contained in the Affidavit.  As previously stated, it is plaintiff's burden, not the

court's to point to specific facts, "by any of the kinds of evidentiary materials listed

in Rule 56(c), except the pleadings themselves," to avoid summary judgment.

Celotex, 477 U.S. at 324.  Such evidence includes reference to affidavits,

deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling

Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635,

121 L.Ed.2d 566 (1992).  Therefore, in evaluating plaintiff's response in an effort

to determine whether it is sufficient to avoid summary judgment, the court has

kept the deficiencies of plaintiff's Affidavit in mind, and has considered only the

properly submitted summary judgment evidence.

A plaintiff may establish discrimination by means of the three-part framework enunciated in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Under the <u>McDonnell Douglas</u> analysis, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).  If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment action. <u>Id.</u> Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination.  <u>Id.</u>

Defendants maintain that plaintiff cannot establish a prima facie case of gender discrimination because she cannot prove that she has suffered an adverse employment action.  The court agrees.  To establish a prima facie case for Title VII gender discrimination, the plaintiff must prove the following: (1) that she is within a protected class, (2) that adverse employment action was taken against her, (3) she was doing satisfactory work at the time the adverse employment action was taken, and (4) comparable employees, not in the protected category, were not subject to comparable adverse employment action. *See* <u>Lowe v. Angelo's Italian Foods, Inc.</u>, 87 F.3d 1170, 1174-75 (10th Cir. 1996);

Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1380 (10th Cir. 1994).  In evaluating

Title VII claims of discrimination, courts have held that not everything that makes

an employee unhappy is an actionable adverse action.  Jeffries v. Kansas Dep't

of Social & Rehabilitation Servs., 946 F. Supp. 1556, 1567 (D. Kan. 1996)

(citations omitted).  Rather, an actionable adverse action has been held to be one

that affects the "terms, privileges, duration, or conditions of employment."  Yerdon

v. Henry, 91 F.3d 370, 378 (2d Cir. 1996); see also 42 U.S.C. § 2000e-2(a)(1).

Plaintiff alleges that she sought to be relocated to a Minimum Security

Facility (MSF) and was denied by her superior officers due to the fact that she

was a female officer.  Amended Complaint, ¶ 16.  In moving for summary

judgment, defendants have asserted as an undisputed fact that "[r]eassignment

to the MSF was not a promotion, but a lateral move, it did not include a raise,

change in benefits, or rank."  Defendant Grady County Criminal Justice

Authority's Brief in Support of Motion for Summary Judgment, Statement of

Uncontroverted Facts, ¶ 16.  In responding to this statement of fact, plaintiff

claims it is "denied," stating: "Plaintiff **believed** that the reassignment to the MSF

was a promotion and would lead to further promotions.  Plaintiff **felt** having

experience in the MSF would be beneficial to her career in law enforcement."

(Emphasis added.)  As the sole reference for this denial, plaintiff cites her own

Affidavit, which is attached as Exhibit 4 to her response brief, and which has been

discussed previously.  Plaintiff fails to refer to court to any specific portion of the

39 paragraph Affidavit, however, the court notes that paragraph 26 states that plaintiff "desired to be transferred to the [MSF] and had all the necessary qualifications for the daytime corporal position."  Paragraph 27 states that plaintiff "felt the corporal position at the [MSF] would be a stepping-stone to future promotions."  Of course, these statements of plaintiff's beliefs, feelings, and desires fall far short of establishing that a denial of the transfer to the MSF affected the terms, privileges, duration or conditions of plaintiff's employment. Plaintiff is correct in pointing out that the Tenth Circuit liberally construes the phrase "adverse employment action."  *See* Gunnell v. Utah Valley State College, 152 F.3d 1253, 1264 (10th  Cir. 1998).  Also, the Tenth Circuit has indicated that the court should take a "case-by-case" approach in determining the existence of an adverse employment action. *See* Jeffries, 147 F.3d at 1232.  However, where as here, the plaintiff has failed to identify any fact to show that the reassignment to MSF would have been a promotion, the court finds there is no genuine issue of material fact.  Plaintiff has failed to provide facts to demonstrate that denial of the transfer to the MSF resulted in any diminution of her salary, benefits, or otherwise disadvantaged her.  Even viewing the evidence in a light most favorable to plaintiff, the court concludes as a matter of law that no reasonable jury could find that the denial of the transfer to MSF was an actionable adverse employment action under Title VII.  Plaintiff has failed to meet her initial burden of establishing a prima facie case of discrimination.  Therefore, her claim based on gender

discrimination under Title VII fails as a matter of law and defendants are entitled to summary judgment in their favor on this claim.

Hostile environment harassment occurs where a supervisor's or co-worker's conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). To prevail under a hostile work environment theory, a plaintiff must show that sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Martin v. Nannie and the Newborns, 3 F.3d 1410, 1418 (10th Cir. 1993). For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. 106 S.Ct. at 2405, 3 F.3d at 1418. A plaintiff must show evidence of a steady barrage of opprobrious comments. Bolden v. PRC Inc., 43 F.3d 545 (10th Cir. 1994).

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview. Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Whether an environment is hostile or abusive can be determined only by looking at all of the circumstances. Id. at 371. These may include the frequency of the

10

discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Id.   The mere utterance of a statement which engenders offensive feelings in an employee would not affect the conditions of employment to a sufficiently significant degree to violate Title VII. Meritor, 477 U.S. at 69. A plaintiff cannot withstand summary judgment without presenting evidence that she gave her employer sufficient information to make a reasonable employer think there was some probability that she was being sexually harassed. Zimmerman v. Cook County Sheriff's Department, 96 F.3d 1017, 1019 (7th Cir. 1996).

The court finds that plaintiff's hostile environment claim cannot survive summary judgment because she has not presented sufficient evidence of a steady barrage of opprobrious comment required to show a hostile work environment.  Plaintiff has failed to demonstrate that the workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.  Plaintiff's response brief on this issue includes several baseless allegations that are not supported by any reference to properly admissible summary judgment evidence.  Plaintiff's allegations do not give rise to a hostile work environment as judged by the reasonable person standard.  The court finds that under the totality of the circumstances presented, plaintiff has not met her

11

burden and defendants are entitled to summary judgment on plaintiff's claim of hostile work environment sexual harassment under Title VII.  Furthermore, the court finds that plaintiff has failed to come forward with sufficient evidence to demonstrate that her employer had notice of her claim of hostile work environment sexual harassment.

Proof of constructive discharge depends upon whether a reasonable person would view the working conditions as intolerable.  Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir. 1990).  The question in constructive discharge cases is whether the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.  Id.  Constructive discharge occurs when an employer deliberately makes or allows an employee's working conditions to become so intolerable but that the employee has no choice but to quit.  Buchanan v. Sherrill, 51 F.3d 227, 229 (10th Cir. 1995).  Not every unhappy employee has an actionable claim of constructive discharge pursuant to Title VII. Bolden, 43 F.3d at 552.  Plaintiff has failed to show how her voluntary resignation was the result of illegal discriminatory conduct.  Construing the evidence in favor of plaintiff, the court finds insufficient evidence to establish that a reasonable person in plaintiff's position would be compelled to resign her employment.  Accordingly, defendants are entitled to summary judgment on plaintiff's claim alleging constructive discharge.

In order to establish a prima facie claim for retaliation, a plaintiff must show: 1) she engaged in protected opposition to discrimination or participation in a proceeding arising out of discrimination; 2) adverse action by the employer subsequent to the protected activity; and 3) a causal connection between the employee's activity and the adverse action.  Archuleta v. Colorado Dept. of Institutions, 936 F.2d 483, 486 (10th Cir. 1991).  In light of the court's determination that plaintiff was not constructively discharged, plaintiff is unable to show that there was a termination of her employment that could be considered an "adverse action."  Plaintiff has failed to provide the court with any evidence that any defendant was aware of her Charge of Discrimination filed with the EEOC.  Thus, plaintiff has failed to show a causal connection between her EEOC charge and any allegedly adverse action.  In addition, the court agrees with defendants that plaintiff has failed to demonstrate that the alleged actions taken in response to protected activity were "adverse actions" at all.  Plaintiff acknowledges that the Sheriff had the final authority to hire or fire employees. Plaintiff has not shown, however, that the Sheriff was aware of plaintiff's complaints.  Accordingly, upon consideration of the evidence presented to the court, and construing any factual disputes in favor of plaintiff, the court finds that defendants are entitled to summary judgment on plaintiff's retaliation claim as well.

Plaintiff's evidence, being insufficient to survive summary judgment on her gender discrimination claim, is likewise insufficient as a matter of law to sustain any claim for deprivation of plaintiff's constitutional rights based on alleged discrimination, brought pursuant to 42 U.S.C. § 1983.  Accordingly, defendants are entitled to summary judgment on plaintiff's claims alleging denial of equal protection.

Summary judgment is also clearly appropriate on plaintiff's claim for intentional infliction of emotional distress.  Under Oklahoma law, the elements of a claim for intentional infliction of emotional distress are: (1) that the tortfeasor acted intentionally or recklessly; (2) that the tortfeasor's conduct was extreme and outrageous; (3) that plaintiff actually experienced emotional distress; and (4) that the emotional distress was severe.  Zeran v. Diamond Broadcasting, Inc., 19 F. Supp. 2d 1249, 1253 (W.D.Okla. 1997).  The distress must be of such character that no reasonable person could be expected to endure it.  Daemi v. Church's Fried Chicken, 931 F.2d 1379, 1389 (10th Cir. 1991).

Upon consideration of the evidence presented, the court is convinced that no reasonable jury could find that the conduct of any defendant was so extreme and outrageous that recovery should be allowed.  Sufficient evidence of severe emotional distress is absent.  Plaintiff has not demonstrated that the comments of Lt. Bill Daugherty or anyone else caused a level of distress that no reasonable person could be expected to endure. Plaintiff's allegations are insufficient to

14

support a claim for intentional infliction of emotional distress, and judgment should be granted against plaintiff on this claim as a matter of law.

In summary, upon consideration of all the materials submitted, as well as plaintiff's concession of several claims in favor of the defendants, the court finds that defendants are entitled to summary judgment on all of plaintiff's claims. Accordingly, the Motion for Summary Judgment filed by the Board of County Commissioners of Grady County **[Doc. No. 62]** is **GRANTED**; the Motion for Summary Judgment filed by Lt. Bill Daugherty **[Doc. No. 64]** is **GRANTED**; the Motion for Summary Judgment filed by Sheriff Kieran McMullen **[Doc. No. 66]** is **GRANTED**; and the Motion for Summary Judgment filed by the Grady County Criminal Justice Authority **[Doc. No. 68]** is also **GRANTED**, all as more fully set forth above.  Judgment will issue on a separate document in accordance with the Federal Rules of Civil Procedure.

It is so ordered this 1st day of November, 2005.

_Tim Leonard_
TIM LEONARD
United States District Judge